Ellen C. Dove, Esq., (SBN 06434)
5325 Elkhorn Blvd., #160
Sacramento, CA 95842
Telephone: (916) 331-0111
Fax: (916) 726-8576
Email: edove3136@aol.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VICTOR H. WYATT, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 USC 1983, ABUSE OF PROCESS, FRAUD, INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (INCLUDING CLAIMS FOR PUNITIVE DAMAGES) |
| v. | ) | |
| WALMART STORE, CHICO, CALIFORNIA, WALMART, INC., MARTHA SHARPE, and DOES 1 - 20 | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, VICTOR WYATT, by and through his attorney, Ellen C. Dove, and as his Complaint against the Defendants states and alleges as follows:

**I. PARTIES**

1. Plaintiff VICTOR WYATT is a citizen of the County of Butte and was a resident of the City of Chico in the Eastern District of California during all relevant events.
2. Defendant MARTHA SHARPE is an individual residing in the County of Butte and an employee of, an agent of or an independent contractor for WalMart, Inc., at their Chico branch store.
3. Defendant WALMART, INC., is a corporation based in Arkansas and doing business in the state of California which has a branch store in the City of Chico, the latter within the Eastern District of California, where all relevant events occurred. It owns and operates stores and

super stores such as the WALMART STORE in Chico, which sell a variety of products and goods.

4. Defendants 1 – 5 are individuals, agents and employees of the WalMart Store in Chico who handled, reviewed, stored, and erased the surveillance tapes that would have exculpated plaintiff, in a negligent or willfully destructive manner. Their names and their exact roles in harming plaintiff will be substituted as they become known.

## II. JURISDICTION AND VENUE

5. This court is the proper venue for the action under 28 USC 1391 (b) in that the actions complained of herein occurred and were committed in the Eastern District of California.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 USC Section 1331 and 42 USC §1983. The issues raised by Plaintiff involve substantial questions of federal law and violations of the Constitution of the United States of America. Further, the Court may adjudicate Plaintiff's state law claims pursuant to 28 USC Section 1367, as they arise from the same transaction or series of transactions which form the basis of the Plaintiff's federal claims raised herein. By exercising supplemental jurisdiction over these state claims, this Court will be able to resolve both state and federal claims that are factually interdependent.

## III. CLAIMS

### FIRST CAUSE OF ACTION

*(VIOLATION OF 42 U.S.C. 1983)*

7. Plaintiff is an African American entitled to protection under 42 U.S.C. 1983 and entitled to equal protection under the Fourteenth Amendment of the United States Constitution and entitled to be free from discrimination based upon his race. He is also entitled to protection under the Fourth Amendment from unreasonable search and seizure. These protections were violated by defendants herein.

8. In November, 2006, Victor Wyatt was a plaintiff in a civil rights case he had brought arising from abuse he had suffered from law enforcement personnel employed by the City of Chico. He was also the lead plaintiff in a separate civil rights case brought against the County of Butte

arising from mistreatment experienced by five African Americans protesting the conditions at the Butte County Jail and their deprivation of various rights by the incarcerating authorities.

9. On October 6, 2006, Mr. Wyatt reported another occurrence of police abuse on the part of the Chico Police Department following a false report about his conduct in the parking lot made by an employee of WalMart named Wendy. This occurred shortly after plaintiff was acquitted by a jury who recognized the wrongful nature of his prosecution as the crime victim (a baseball bat to his head) whose assailants were not charged but rather given immunity so they could testify freely regarding their mutual assault upon Mr. Wyatt with knives, causing him to strike in self defense. This malicious prosecution commenced in May, 2006, soon after the civil rights case against the County of Butte was filed and served (06-CIV-1003 GEB DAD.

10. After the acquittal on all charges, Mr. Wyatt was trying to re-establish his life. In early November there was a ruling allowing Mr. Wyatt to go forward against some of the defendants in his ongoing Chico PD federal civil rights case (05-2025 LKK PAN). On November 23, 2006, Chico Police officers stopped plaintiff and beat him, he believes in retaliation for the demotion of "formerly high-ranking officer Jose Lara," as he describes him. Plaintiff does not know if Lara was actually demoted for Wyatt's complaints, as other citizens at various times have reported Lara to be abusive.

11. On November 26, 2006, Mr. Wyatt wanted to print some documents on his friend's HP Desktop printer. It ran out of ink. He took two empty cartridges, one black and one color, to the store to purchase new ink. He entered the WalMart store in Chico with the empty cartridges in his pocket, planning to match them to be sure to purchase the correct ones. He did not think to check them in when he arrived because they were use items.

12. While in the store, before he went to the electronic department, Mr. Wyatt remembered he had a flat tire on his bike. He located an inner tube replacement and then asked a store employee to direct him to the electronics department. He found the right area and looked at the cartridges, taking out the used ones from his pocket. Unable to read without his glasses, he exited the store after paying for the bike tube. Before he could retrieve his glasses, he was stopped by a woman who asserted she was a store employee, but she showed no identification.

Then plain clothes officers asked him to give them the cartridges and he reluctantly did so. At no time did anyone allow Mr. Wyatt to explain.

13. He was taken back into the store and a store employee became physically abusive, attempting to restrain him and embarrassing him in front of other customers. Plaintiff broke away from the grasp of the restraining employee and waited across the street until everyone calmed down. When he returned, Martha Sharpe handcuffed him to a chair and began taking photographs of torn ink cartridge boxes. He told them the ink cartridge containers he had were empty and he brought them into the store. No one examined them to prove or disprove this. After they were taken from him, those cartridges disappeared and were not restored to plaintiff for him or any investigator to examine and demonstrate they were indeed empty.

14. Plaintiff asked for someone to fingerprint the new cartridges they claimed he was taking to show his prints were not on them. As a frequent customer of the WalMart near where he lived, Mr. Wyatt knew there were approximately 10 surveillance video cameras in the store. He asked for someone to obtain and look at those tapes as it would show he had not taken anything. He had more than $100 in his pocket. When he said if you think I was in the store shoplifting, where are my fingerprints or the videotape, Martha Sharpe replied, "You're a black and in Butte County. All it takes to prove you've done it is my belief and statements. Besides I am going to be working as a sheriff for Butte County Jail where you are going to be going for your lawsuits."

15. Plaintiff was discriminated against by the retail business on account of his race. Plaintiff contends he was placed under specific surveillance, harassed and wrongfully prosecuted by the WalMart store in substantial part because of his race as the stores have a policy of profiling African Americans and following them within the premises, a disparate monitoring process in addition to the normal surreptitious video surveillance.

16. Plaintiff contends he was discriminated against and retaliated against because he made a complaint about racial discrimination, both in his lawsuits and in his complaints to the WalMart store. WalMart employee, Martha Sharpe, had a retaliatory motivation to harass Mr. Wyatt, an African American civil rights plaintiff, in order to please her soon to be employer,

Butte Couny, a defendant and target of Mr. Wyatt's complaints. Another WalMart employee, Wendy, was annoyed Mr. Wyatt had lodged a complaint against her for making a false report to the police on October 6, 2006, claiming he and another person had urinated in the dry parking lot. As yet plaintiff has not been able to ascertain what role she played in his wrongful accusations and prosecution on this occasion after he reported her the month prior and to what extent she was involved in the events transpiring on November 26, 2006.

17. Mr. Wyatt was discriminated against by the WalMart store that has a policy of putting African Americans under surveillance and stopping them disproportionately to the general public. He was denied equal protection when he was not allowed to show or introduce the empty cartridges and when he was prosecuted as a felon for $52 worth of product. Moreover, plaintiff is informed and believes there is a policy in WalMart to decline to seek prosecution for small amount shoplifters, but this policy is not applied to African Americans.

18. Mr. Wyatt's Fourth Amendment rights were violated when he was unreasonably searched and his property, the empty cartridges, was seized. No effort was made to verify the cartridges were empty and to the contrary, providing new cartridges, not touched by him, made the seizure of his exculpatory evidence even more unreasonable. The refusal to return or retain his actual cartridges was additionally unreasonable.

19. Plaintiff contends WalMart's profiling, persecution and prosecution policy regarding African American shoppers is pervasive and prohibited by federal and state law (California Civil Code Section 51, the Unruh Act) assuring equal and fair accommodation by facilities and businesses open to the public.

20. As a direct and proximate result of the conduct of Defendants, and each of them, the Plaintiff has lost his liberty and been severely damaged and is entitled to be recompensed in an amount to be shown according to proof.

**<u>SECOND CAUSE OF ACTION</u>**

*(Conspiracy to Commit Fraud and Fraud)*

21. Plaintiff hereby incorporates all allegations set forth in the paragraphs above.

22. Plaintiff alleges the WalMart Chico store employees entered into an agreement to and conspired to violate his civil rights, deprive him of equal protection and to initiate and perpetrate a violation of his fourth amendment rights to promote his arrest, seizure and deprive him of his liberty on and after November 26, 2006. They carried out that agreed upon course of conduct and continued to do so in order to insure the prosecution of plaintiff. In order to carry out that conspiracy, they acted to destroy exculpatory evidence and substitute and offer instead false evidence.

23. In order to support their conspiracy to violate plaintiff's civil rights, defendants permitted or caused despoliation of evidence and committed fraud. They neither produced nor preserved the surveillance video tapes and provided a false story about their having been taped over as if they were not important. They neither produced nor preserved the actual cartridges plaintiff has in his possession that he carried into the store and provided a false story about their having been returned by the police (as if they were not actually evidence!) and so were replaced with photographs of other new cartridges. It was concealment fraud to either destroy the tapes or pretend the video tapes exculpating plaintiff were missing or taped over when the purveyors of that falsehood knew it to be untrue. It was a misrepresentation fraud knowingly to put forth the wrong cartridges or even a photograph thereof.

24. Martha Sharpe was an experienced security staff person. She negligently or intentionally failed to preserve essential evidence, allowing Mr. Wyatt to be prosecuted on substituted false evidence. As a trained and experienced security staffer, she knew the rules about preserving evidence when a prosecution was commenced; she testified she had already arrested 300 WalMart shoppers in Oroville where she worked previously. She intentionally participated in the switch or destruction of this evidence for the express purpose of assisting in the retaliatory prosecution of Victor Wyatt.

25. No one examined Defendant Sharpe at trial as to the ethnicity of those she stopped and had arrested for shoplifting. Plaintiff contends she also knew the rules and how to follow the Oroville store's policy of profiling and harassing people of color and arresting them for shoplifting. She was still following the rules when she instituted her long and allegedly intent

surveillance, following plaintiff in the Chico WalMart store with the same discriminatory policy, and she was an active participant in the conspiracy to deprive plaintiff of his civil rights and his liberty.

26. Plaintiff contends Ms. Sharpe, who was by then a guard at the Butte County Jail where he was incarcerated, intentionally concealed her bias and her failure to inform the jury she had accepted a job working for the County, was at least fraud even if it did not represent clearly actionable perjury.

27. As a direct and proximate result of the conduct of Defendants, and each of them, the Plaintiff has lost his liberty and been severely damaged and is entitled to be recompensed in an amount to be shown according to proof. Because the actions of defendants were callous, malicious and fraudulent, plaintiff is entitled to exemplary damages therefor.

## THIRD CAUSE OF ACTION

(NEGLIGENCE as to Defendant WalMart)

28. Plaintiff hereby incorporates all allegations set forth in the paragraphs above.

29. Defendants store had a duty to its customers to protect them from false allegations on the part of its employees as well as retaliation for matters unrelated to the operation of the store. In meeting this duty, because they elected to maintain a video surveillance system, they were obligated to make available for viewing and to retain for the criminal proceedings the tapes that were the basis of its employee's accusations. WalMart breached this duty, and failed to maintain a record that could have allowed the customer charged with shop lifting to demonstrate his innocence to the store and to law enforcement and certainly to a jury should criminal charges have been brought, as they were against Mr. Wyatt.

30. When WalMart elected to apply surveillance and then accuse a customer of shoplifting, and requested criminal prosecution, they had the obligation to maintain and not destroy the evidence, including in particular the exact cartridges taken from the plaintiff. The police and prosecutors asserted they returned to the store the "new merchandise" taken from Mr. Wyatt's possession. Then, as the story goes, the actual merchandise in question disappeared and a photograph of allegedly new cartridges, but not the original ones, was all that was made

available to introduce as evidence. Defendant store carelessly and negligently failed to preserve any of plaintiff's exculpatory evidence. This denied plaintiff the opportunity to demonstrate his fingerprints were not on the new cartridges, because there were no clean or fingerprinted cartridges made available to examine.

31. Defendants' breach of its duty to plaintiff and its negligence in handling the evidence that would have exculpated Mr. Wyatt was the proximate cause of harm to plaintiff and he is entitled to damages therefore.

**FOURTH CAUSE OF ACTION**

*(NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)*

32. Plaintiffs hereby incorporate all allegations set forth in the paragraphs above.

33. Defendant WalMart operated its store in Chico, and perhaps other stores as well, with a reckless disregard for the consequences of harassing and falsely accusing African American customers of shoplifting. The manner in which the Chico store surveilled plaintiff and then refused to consult or produce to him the exculpating video calling to police in order to falsely prosecute him was intended to cause him extreme distress and it did so. To be falsely accused, prosecuted, held in jail and then sent to prison for trying to match a friend's empty ink cartridges would seriously distress any person. Being sentenced to a long prison term, on a false accusation, and being forced to suffer the many indignities of prison life, as Mr. Wyatt has, is an outrage that would have caused distress in any reasonable person.

34. Defendants' breach of its duty to plaintiff and its negligence in handling the evidence that would have exculpated Mr. Wyatt or their intentional disposal of that evidence negligently or intentionally caused harm to plaintiff and he is entitled to damages therefore. If plaintiff proves the emotional distress was caused intentionally, plaintiff should be entitled to exemplary damages herein.

**FIFTH CAUSE OF ACTION**

*(ABUSE OF PROCESS)*

35. Plaintiffs hereby incorporate all allegations set forth in the paragraphs above.

36. Defendants jointly and severally conspired to falsely prosecute plaintiff. In order to do so they made false reports to the police and abused the process of orderly shoplifter prevention. Instead they used the court and criminal justice process to obtain punishment and retaliate against an individual who had complained about those employees and who had tried to redress civil rights violations against him at the hands of local law enforcement and the County jail. For these false reports and abuse of process, plaintiff was harmed and entitled to damages.

## III. DEMAND FOR PUNITIVE DAMAGES

35. All the above acts by defendants were unnecessary, outside the bounds of normal decency and expectations of customers and were so wanton and reckless as to have been committed with malice and oppression. Plaintiff is entitled to punitive damages therefor.

## V. RELIEF REQUESTED

Plaintiff hereby demands trial by jury for all causes of action so triable in this case.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A. General damages in a sum according to proof;

B. An award of reasonable attorneys' fees to Plaintiff in this action, as provided by applicable under State and Federal statutes, in an amount to be determined in a trial of this action or in a separate proceeding thereafter and to include appropriate enhancements;

C. An award to plaintiff of punitive or exemplary damages, in an amount commensurate with the egregious nature of defendant's conduct and with defendant's financial capability;

D. For interest provided by law including, but not limited to, California *Civil Code*, Section 3291; and

E. Costs of suit and for such other and further relief as the court deems proper.

Dated: November 24, 2008

LAW OFFICES OF ELLEN C. DOVE

By: Ellen C. Dove

ELLEN C. DOVE
Attorney for Plaintiff