UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VICTOR H. WYATT,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART STORE, CHICO, CALIFORNIA, WALMART, INC., MARTHA SHARPE, and DOES 1-20<br><br>    Defendants. | No. 2:08-cv-02902-MCE-CMK<br><br><br><br>MEMORANDUM AND ORDER |

Plaintiff, Victor H. Wyatt, initiated the instant action alleging that Defendants, Wal-Mart Stores, Inc. and store employee Martha Sharpe, violated both state and federal law when Defendant Sharpe detained him for shoplifting. Presently before the Court is Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motion is granted.

---

[1] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

**BACKGROUND[2]**

On November 26, 2006, Plaintiff allegedly entered Wal-Mart with two empty ink cartridges intending to ensure he purchased the correct new cartridges. Plaintiff did not "check" the cartridges with Wal-Mart because they were used items. After locating another item he intended to purchase, Plaintiff proceeded to the electronics department to attain the new ink cartridges. Since Plaintiff could not read the cartridges without his glasses, he paid for the other item and exited the store.

Plaintiff alleges that he was then stopped by a woman who identified herself as a store employee, but who failed to show identification. Plain-clothed officers asked Plaintiff to return the cartridges, and Plaintiff complied. Plaintiff was then taken into the back of the store where a Wal-Mart employee allegedly became physically abusive and attempted to restrain him. According to Plaintiff, he then broke away and "waited across the street until everyone calmed down."

Plaintiff claims that, at that time, he returned to the store and was handcuffed to a chair by Defendant Sharpe. Defendant Sharpe proceeded to take photographs of some torn ink cartridge boxes. Plaintiff then asserted that the cartridges he had on his person were empty and that he had brought them into the store with him.

///

---

[2] The alleged facts are taken from Plaintiff's Complaint.

2

According to Plaintiff, no one examined the cartridges to confirm the truth of his statements, and the cartridges subsequently disappeared.

Plaintiff also claims that he asked for someone to fingerprint the "new" cartridges to show that his prints were not on them.  He further contends that he asked for someone to obtain and look at the surveillance video to show that he had not taken anything.  According to Plaintiff, when he asked for the fingerprints and video surveillance Defendant Sharpe replied, "You're a black and in Butte County.  All it takes to prove you've done it is my belief and statements.  Besides I am going to be working as a sheriff for Butte County Jail where you are going to be going for your lawsuits."

On March 29, 2007, a jury convicted Plaintiff on the shoplifting charges.[3]  Request for Judicial Notice in Support of Defendants' Motion to Dismiss ("RJN"), Exhibit B.  The California Supreme Court denied Plaintiff's Petition for Review on June 11, 2008.  Id., Exhibit A.

Plaintiff claims that his prior history with Wal-Mart, the Chico Police Department, and the County of Butte provided motivation for the allegedly unconstitutional treatment that led to the above arrest.

///
///

---

[3] Defendants, Wal-Mart Stores, Inc. and Martha Sharpe, filed a Request for Judicial Notice in support of their Motion to Dismiss.  The request was unopposed by the Plaintiff.  Given that non-opposition, and good cause appearing, Defendants' Request for Judicial Notice is granted.

More specifically, prior to his arrest and conviction, Plaintiff was a lead plaintiff in a civil rights case against Butte County Jail through which he alleged he was deprived of various rights and mistreated by incarcerating authorities. In October of 2006, Plaintiff reported police abuse by the Chico Police Department following an allegedly false report made by a Wal-Mart employee about Plaintiff. Subsequently, in November of 2006, Plaintiff filed a civil rights action against the City of Chico for abuse by law enforcement personnel. Later, on November 23, 2006, Plaintiff was allegedly stopped and beaten by Chico Police officers in retaliation for the demotion of a Chico Police Officer, which had allegedly resulted from Plaintiff's complaints and civil rights cases against the Chico Police Department.

Accordingly, Plaintiff now pursues civil remedies for violations of both state and federal law that he claims Wal-Mart perpetuated based on his race and in retaliation for his prior claims. Wal-Mart has moved to dismiss the Complaint in its entirety.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

///
///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Plaintiff's 42 U.S.C. § 1983 Claim.**

Plaintiff's First Cause of Action alleges various constitutional violations arising under 42 U.S.C. § 1983.[4] Pursuant to § 1983, Plaintiff must demonstrate Defendants (1) deprived him of a right secured by the Constitution or laws of the United States, and (2) acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

In support of his § 1983 claim, Plaintiff alleges violations of his right to equal protection of the laws and his right to be free from unreasonable searches and seizures.  However, as a threshold matter, the Court must first determine whether Defendants, a private entity and an individual, can be considered state actors under the facts as alleged.

Generally, private entities like moving Defendants herein are not liable under § 1983 unless they act under color of state law.  See <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 936 (1982). In determining whether a private entity has acted under color of state law, the Supreme Court has articulated four distinct tests: the "joint action" test, the "public function" test, the "nexus" test, and the "symbiotic relationship" test.  See <u>Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc.</u>, 531 U.S. 288, 296 (2001).

///

---

[4] Plaintiff's Complaint combines both federal and state claims in his First Cause of Action.  For efficiency and clarity, the state claims will be addressed separately from the federal claims.

6

1 Satisfaction of any one test is sufficient to find state action,
2 so long as no countervailing factor exists. Lee v. Katz, 276
3 F.3d 550, 554 (9th Cir. 2002).

4 By way of his Opposition, Plaintiff argues his Complaint
5 supports a finding of state action under several of the above
6 theories. However, Plaintiff's allegations are wholly
7 conclusory, and the inferences Plaintiff asks the Court to make
8 are highly attenuated at best. Accordingly, as the Court
9 articulates in greater detail below, Plaintiff has failed to
10 allege Defendants acted under color of state law, a failure that
11 is fatal to his attempt to survive Defendants' instant Motion.

12 First, if the activities of a private entity or individual
13 are "inextricably intertwined" with those of the government, the
14 resulting interdependence makes both the public and private
15 actors liable under the "joint action" test. See Mathis v. Pac.
16 Gas and Elec. Co., 75 F.3d 498, 503 (9th Cir. 1996). Allegations
17 of conspiracy or substantial cooperation between actors are
18 sufficient to show the requisite interdependence. Brunette v.
19 Humane Soc'y of Ventura County, 294 F.3d 1205, 1211 (9th Cir.
20 2002). A private party must be a "willful participant" with the
21 governmental agents in facilitating the unconstitutional
22 behavior. Id.

23 Plaintiff alleges simply that "[b]efore he could retrieve
24 his glasses, he was stopped by a woman who asserted she was a
25 store employee, but she showed no identification. Then plain
26 clothes officers asked him to give them the cartridges and he
27 reluctantly did so." Compl., ¶ 12.
28 ///

7

1  Plaintiff further contends that he "was discriminated against and
2  retaliated against because he made a complaint about racial
3  discrimination, both in his lawsuits and in his complaints to the
4  Walmart store.  Walmart employee, Martha Sharpe, had a
5  retaliatory motivation to harass Mr. Wyatt, an African American
6  civil rights plaintiff, in order to please her soon to be
7  employer Butte County...."  Compl., ¶ 16.
8       However, even construed in the light most favorable to
9  Plaintiff, the Complaint fails to allege any sort of
10 interdependence, conspiracy, or substantial cooperation among
11 Wal-Mart, the Chico Police Department, and/or the County of
12 Butte.  While Plaintiff would have the Court infer that the
13 police and Wal-Mart were co-conspirators because the police
14 arrived "on the scene as soon as plaintiff went outside," this
15 inference, without any other supporting facts, is insufficient to
16 show Wal-Mart and the police were joint actors. Opposition at
17 14:8-9.  Accordingly, Plaintiff failed to plead facts sufficient
18 to constitute joint action as required by § 1983.
19      Plaintiff likewise failed to allege Defendants engaged in a
20 public function.  State action can be found when a private entity
21 exercises a power "traditionally exclusively reserved to the
22 State."  Flagg Bros. v. Brooks, 436 U.S. 149, 157-58 (1978),
23 quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974).
24 Based on Plaintiff's allegations, that is not the case here.
25 ///
26 ///
27 ///
28 ///

Plaintiff contends that "Martha Sharpe handcuffed him to a chair..." and "[a]rresting suspects is a traditional governmental function." Compl. ¶ 13; Opposition at 16:26-27. However, even if arresting suspects is traditionally a governmental function, it is not a function exclusively delegated to the government. See Cal. Pen. Code § 837 (allowing private persons to arrest others for offenses committed or attempted in their presence). Thus, Plaintiff fails to show Defendants were state actors under the "pubic function" test.

Plaintiff's allegations fare no better under the third test. A private individual may be found to have acted under color of state law if "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad., 531 U.S. at 295.[5] "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (emphasis in original).

///
///
///
///

---

[5] The Court notes that the "nexus" test has also been viewed, rather than as a separate test, as descriptive of "a status that is found in all cases where private action is attributable to the State." Lee, 276 F.3d at 554 n.4. Nevertheless, for current purposes, it is irrelevant whether the Court relies upon it here as a separate analysis or as an inherent part of the other tests.

1    According to Plaintiff's Opposition, Wal-Mart "by pre-
2 arrangement, had the police on hand...to complete [Mr. Wyatt's]
3 arrest" and "it would be a fair inference to say the Police were
4 implementing a policy of prosecuting the African American
5 customer about which the store complained." Opposition at 12:16-
6 19.
7    However, as above, Plaintiff's allegations, even in
8 connection with the fact that Plaintiff had filed previous
9 complaints and lawsuits against Defendants, the Chico Police
10 Department, and the County of Butte, are insufficient to show a
11 close nexus between or among such entities. Thus, Plaintiff has
12 not shown that Defendants are state actors under the "nexus"
13 test.
14    Finally, any claim that there was a symbiotic relationship
15 between Wal-Mart and County authorities is similarly rejected. A
16 symbiotic relationship is formed when the government has "so far
17 insinuated itself into a position of interdependence with [a
18 private entity] that it must be recognized as a joint participant
19 in the challenged activity." Burton v. Wilmington Parking Auth.,
20 365 U.S. 715, 725 (1961).
21    The Court finds no allegations in the Complaint that
22 remotely indicate the Chico Police Department and/or County of
23 Butte were in a position of interdependence with Wal-Mart.
24 Therefore, Plaintiff fails to assert a relationship sufficient to
25 justify a finding that Defendants acted under color of state law.
26 ///
27 ///
28 ///

Consequently, because the Plaintiff has not stated any facts from which state action can be inferred, Plaintiff's § 1983 claim fails, and Defendant's Motion to Dismiss Plaintiff's First Cause of Action is granted with leave to amend.[6]

**2.  Plaintiff's State Law Claims**

It is clear that, in the instant case, the Court lacks jurisdiction over Plaintiff's state law claims under both 28 U.S.C. §§ 1331 or 1332.[7]  Moreover, while "...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...," if the district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise its supplemental jurisdiction.  28 U.S.C. § 1367 (a), (c).

---

[6] Even if the Court were inclined to deny Defendants' Motion, which it is not, the Court has serious misgivings as to whether Plaintiff's instant Complaint would withstand the doctrine of Heck v. Humphrey and its progeny.  512 U.S. 477, 487 (1994) (holding that "where a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").  Rather, it is well-established that Plaintiff cannot collaterally attack his conviction through § 1983 proceedings.

[7] It appears from Plaintiff's Complaint that Defendant Sharpe is a California resident, and therefore diversity jurisdiction is absent.  28 U.S.C. § 1332.

11

1 Given that the Court has dismissed all claims over which it has
2 original jurisdiction, and being presented with no compelling
3 reason to hold otherwise, the Court declines to exercise its
4 supplemental jurisdiction over the state causes of action in this
5 case. Accordingly, Defendants' Motion to Dismiss Plaintiff's
6 state law claims is granted with leave to amend.

**CONCLUSION**

10    For the reasons just stated, Defendants' Motion to Dismiss
11 (Docket No. 9) is GRANTED with leave to amend.[8]  Plaintiff may,
12 but is not required to, file an amended complaint, not later than
13 twenty (20) days after the date this Memorandum and Order is
14 filed electronically.  If no amended complaint is filed within
15 said twenty (20)-day period, without further notice, this case
16 will be dismissed without leave to amend.
17    IT IS SO ORDERED.

Dated: July 7, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).