1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11   VICTOR H. WYATT,                 No. 2:08-cv-02902-MCE-CMK

12          Plaintiff,

13      v.                            **MEMORANDUM AND ORDER**

14   WALMART STORE, CHICO,
     CALIFORNIA, WALMART, INC.,
15   MARTHA SHARPE, and DOES 1-20

16          Defendants.

17

18                        ----oo0oo----

19

20      Plaintiff Victor H. Wyatt ("Plaintiff") initiated the

21   instant action alleging that Defendant Wal-Mart Stores, Inc. and

22   its employee, Defendant Martha Sharpe (hereinafter collectively

23   referred to as "Defendants" unless otherwise indicated), violated

24   both state and federal law when Defendant Sharpe detained him for

25   shoplifting.

26   ///

27   ///

28   ///

                                1

1    Presently before the Court is Defendants' Motion to Dismiss
2    Plaintiff's First Amended Complaint filed pursuant to Federal
3    Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth
4    below, Defendants' Motion is granted.

5
6                              **BACKGROUND[2]**

7

8    On November 26, 2006, Plaintiff allegedly entered Wal-Mart
9    with two empty ink cartridges intending to ensure he purchased
10   the correct new cartridges.  Plaintiff did not "check" the
11   cartridges with Wal-Mart because they were used items.  After
12   locating another item he intended to purchase, Plaintiff
13   proceeded to the electronics department to obtain new ink
14   cartridges.  Since Plaintiff could not read the cartridges
15   without his glasses, he claims he paid for the other item and
16   exited the store.

17   Plaintiff alleges that he was then stopped by a woman who
18   identified herself as a store employee, but who failed to show
19   identification.  Plain-clothed officers asked Plaintiff to return
20   the cartridges, and Plaintiff complied.  Plaintiff was then taken
21   into the back of the store where a Wal-Mart employee allegedly
22   became physically abusive and attempted to restrain him.
23   According to Plaintiff, he then broke away and "waited across the
24   street until everyone calmed down."

25   _____

26   [1] Unless otherwise stated, all further references to "Rule"
     or "Rules" are to the Federal Rules of Civil Procedure.
27
28   [2] The alleged facts are taken from Plaintiff's First Amended
     Complaint.

                                     2

Plaintiff claims that, at that time, he returned to the store and was handcuffed to a chair by Defendant Sharpe. Defendant Sharpe proceeded to take photographs of some torn ink cartridge boxes.  Plaintiff then asserted that the cartridges he had on his person were empty and that he had brought them into the store with him.  According to Plaintiff, no one examined the cartridges to confirm the truth of his statements, and the cartridges subsequently disappeared.

Plaintiff also claims that he asked for someone to fingerprint the "new" cartridges to show that his prints were not on them.  He further contends that he asked for someone to obtain and look at the surveillance video to show that he had not taken anything.  According to Plaintiff, when he asked for the fingerprints and video surveillance Defendant Sharpe replied, "You're a black and in Butte County.  All it takes to prove you've done it is my belief and statements.  Besides I am going to be working as a sheriff for Butte County Jail where you are going to be going for your lawsuits."

On or about February 5, 2007, as a result of the shoplifting charges levied against him, a jury convicted Plaintiff of felony theft.[3]  Request for Judicial Notice in Support of Defendants' Motion to Dismiss ("RJN"), Exhibit A.  After the California Third District Court of Appeal affirmed Plaintiff's conviction, the California Supreme Court denied Plaintiff's Petition for Review on June 11, 2008.

---

[3] Defendants filed a Request for Judicial Notice in support of their Motion to Dismiss.  The request was unopposed by the Plaintiff.  Given that non-opposition, and good cause appearing, Defendants' Request for Judicial Notice is granted.

3

1  Id., see also Defs.' Request for Judicial Notice filed March 2,

2  2009, Exhibit A.

3      Plaintiff claims that his prior history with both Wal-Mart,

4  the Chico Police Department, and the County of Butte provided

5  motivation for the allegedly unconstitutional treatment that led

6  to the above arrest.  More specifically, prior to his arrest and

7  conviction, Plaintiff was a lead plaintiff in a civil rights case

8  against Butte County Jail through which he alleged he was

9  deprived of various rights and mistreated by incarcerating

10 authorities.  In October of 2006, Plaintiff reported police abuse

11 by the Chico Police Department following an allegedly false

12 report made by a Wal-Mart employee about Plaintiff.

13 Subsequently, in November of 2006, Plaintiff filed a civil rights

14 action against the City of Chico for abuse by law enforcement

15 personnel.  Later, on November 23, 2006, Plaintiff was allegedly

16 stopped and beaten by Chico Police officers in retaliation for

17 the demotion of a Chico Police Officer, which had allegedly

18 resulted from Plaintiff's complaints and civil rights cases

19 against the Chico Police Department.

20     Through the present action, Plaintiff now pursues civil

21 remedies for violations of both state and federal law that he

22 claims Wal-Mart perpetuated based on his race and in retaliation

23 for his prior claims.  Defendants moved to dismiss Plaintiff's

24 original Complaint, filed November 26, 2008, on grounds that they

25 did not qualify as state actors for purposes of imposing

26 liability under 42 U.S.C § 1983.

27 ///

28 ///

By Memorandum and Order filed July 8, 2009, the Court granted
Defendants' Motion, finding that the Complaint stated
insufficient facts upon which the requisite state action could be
inferred.  Because the Court found that Plaintiff's federal claim
under § 1983 lacked viability, it declined to exercise
supplemental jurisdiction over the remaining state law claims
advocated by Plaintiff.

Plaintiff's First Amended Complaint, filed July 26, 2009,
incorporates additional allegations in support of Plaintiff's
contention that Defendants acted as state actors in his arrest
and detention.  In filing the second Motion to Dismiss presently
before the Court, Defendants no longer challenge Plaintiff's
§ 1983 claim on that basis.  Instead, Defendants now advance a
separate argument; namely, that Plaintiff's claim is barred under
the principles set forth by the United States Supreme Court in
Heck v. Humphrey, 512 U.S. 477 (1994).  We consider that argument
below.

## STANDARD

On a motion to dismiss for failure to state a claim under
Rule 12(b)(6), all allegations of material fact must be accepted
as true and construed in the light most favorable to the
nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
337-38 (9th Cir. 1996).
///
///
///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S. Ct. 1955 (2007) (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

        If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

1                                **ANALYSIS**

2        **A.    Plaintiff's 42 U.S.C. § 1983 Claims.**

3

4        Plaintiff's First and Second Causes of Action[4] allege

5  various constitutional violations arising under 42 U.S.C. § 1983.

6  Pursuant to § 1983, Plaintiff must demonstrate that Defendants

7  (1) deprived him of a right secured by the Constitution or laws

8  of the United States, and (2) acted under color of state law.

9  West v. Atkins, 487 U.S. 42, 48 (1988).

10       As indicated above, Defendants' status as state actors, at

11 least for purposes of this Motion to Dismiss, is no longer at

12 issue.  With respect to the requisite constitutional violation,

13 Plaintiff alleges violations of his right to equal protection of

14 the laws and his right to be free from unreasonable searches and

15 seizures.  As indicated above, Defendants argue that Plaintiff is

16 precluded by Supreme Court precedent from asserting any

17 constitutional violation under the circumstances of this case.

18       In Heck v. Humphrey, supra, the Supreme Court held that:

19          when a state prisoner seeks damages in a section 1983
            suit, the district court must consider whether a judgment
20          in favor of the plaintiff would necessarily imply the
            invalidity of his conviction or sentence; if it would,
21          the complaint must be dismissed unless the plaintiff can
            demonstrate that the conviction or sentence has already
22          been invalidated.

23 512 U.S. at 487.

24 ///

25 ///

26
   ─────────────────────
27       [4] The First Cause of Action is pled against Defendant
   WalMart, the Second against Wal-Mart's employee, Defendant
28 Sharpe.

                                  7

1  Thus, in order to pursue a claim under 42 U.S.C. § 1983 that

2  would undermine a prior conviction, Plaintiff must prove that the

3  underlying conviction has been "reversed on direct appeal,

4  expunged by executive order, declared invalid by a state

5  tribunal..., or called into question by a federal court's

6  issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-477.

7       Here, Plaintiff was convicted of felony theft as a result of

8  the shoplifting incident that underlies this litigation.

9  Plaintiff has presented no evidence that his conviction has been

10 either reversed or invalidated. In fact, Plaintiff appealed his

11 conviction and his conviction was affirmed on appeal.

12      Plaintiff premises his § 1983 claims on violations of equal

13 protection under the Fourteenth Amendment (apparently on the

14 basis of his right to be free of racial discrimination) as well

15 as his violations of his right to be free from unreasonable

16 searches and seizures under the Fourth Amendment. FAC, ¶ 7.  His

17 claims in that regard specifically relate to alleged "racial

18 profiling [of] persons of color." Id. at ¶ 19.  Plaintiff cites

19 no authority, however, to support his apparent argument that an

20 individual found guilty of an offense can evade the consequences

21 of his criminal activity by claiming he should not have been

22 "caught."  While Plaintiff cites Cruz v. Donnelly, 727 F.2d 79

23 (3d Cir. 1984), arguing that it has a "fairly similar fact

24 pattern" to the case at bar, in Cruz, unlike the present matter,

25 the plaintiff was wrongfully accused, and subsequently

26 exonerated, of shoplifting.

27 ///

28 ///

1   Moreover, the other case cited by Plaintiff, <u>Limone v. United</u>
2   <u>States</u>, 2009 WL 2621536 (1st Cir. 2009) is both substantively
3   dissimilar (as involving malicious prosecution rather than any
4   alleged § 1983 violation), and procedurally inapposite (as
5   involving circumstances where the underlying convictions were
6   vacated).

7       Defendants correctly maintain that Plaintiff's § 1983
8   claims, as currently constituted, are barred under <u>Heck</u> because a
9   verdict in Plaintiff's favor in this action would necessarily
10  imply the invalidity of his criminal conviction- a conviction
11  that was upheld on appeal and has not otherwise been rendered
12  invalid.

13      In arguing for a different result, Plaintiff appears to
14  fundamentally misunderstand <u>Heck's</u> import.  He appears to argue,
15  for example, that simply seeking appellate relief is enough to
16  get around <u>Heck</u>. (See Pl.'s Opp., 4:25-5:9).  Despite
17  Plaintiff's contention to the contrary, however, <u>Heck</u> makes it
18  clear that simply exhausting appellate remedies is insufficient;
19  instead, a § 1983 claim which, if successful, would tend to
20  invalidate a standing conviction is impermissible unless the
21  underlying conviction is in fact validated.  The fact that no
22  such invalidation has occurred here is fatal to Plaintiff's
23  § 1983 claim given its present focus on Plaintiff's detention at
24  Wal-Mart and his subsequent shoplifting prosecution.
25  ///
26  ///
27  ///
28  ///

1    While Plaintiff argues that his § 1983 claims are also

2 founded on violations of various state laws, including the Unruh

3 Act, California Civil Code § 51, and The Bane Act, California

4 Civil Code § 52.1, those allegations are premised on state law,

5 as opposed to a viable § 1983 claim, which flows from the

6 violation of either federal law or the United States

7 Constitution.  West v. Atkins, 487 U.S. at 48.  Moreover, while

8 Plaintiff also argues in Opposition to this Motion that his

9 § 1983 claims may also be based on violations of either 42 U.S.C.

10 § 2000 or 42 U.S.C. § 1981, neither of those purported

11 infractions are even mentioned in the operative pleading,

12 Plaintiff's First Amended Complaint.  Finally, while Plaintiff's

13 Opposition to this Motion also makes reference to "physical

14 abuse" and "assault and battery" (See Opp., 5:14 and 9:21,

15 respectively), again the FAC is framed solely on the fact of

16 Plaintiff's detention and the subsequent charges brought against

17 him, not to any alleged excessive force in the course of his

18 arrest.  Consequently Plaintiff's § 1983 claims, as they

19 currently stand, necessarily fail.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1          **B.    Plaintiff's State Law Claims**

2

3          It is clear that, in the instant case, the Court lacks

4    jurisdiction over Plaintiff's state law claims under both

5    28 U.S.C. §§ 1331 or 1332.[5]  Moreover, while "...in any civil

6    action of which the district courts have original jurisdiction,

7    the district courts shall have supplemental jurisdiction over all

8    other claims that are so related to claims in the action within

9    such original jurisdiction that they form part of the same case

10   or controversy...," if the district court has dismissed all

11   claims over which it has original jurisdiction, it may decline to

12   exercise its supplemental jurisdiction.  28 U.S.C. § 1367 (a),

13   (c).  Given that the Court has dismissed all claims over which it

14   has original jurisdiction, and being presented with no compelling

15   reason to hold otherwise, the Court declines to exercise its

16   supplemental jurisdiction over the state causes of action in this

17   case.  Accordingly, Defendants' Motion to Dismiss Plaintiff's

18   state law claims is also granted.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   _____

28        [5] It appears from Plaintiff's Complaint that Defendant
     Sharpe is a California resident, and therefore diversity
     jurisdiction is absent.  28 U.S.C. § 1332.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Dismiss (Docket No. 20) is GRANTED, with leave to amend.[6]  In the event Plaintiff does choose to file a Second Amended Complaint, however, he is cautioned to avoid claims barred by <u>Heck</u> under the rationale articulated by the Court above.  In addition, any further amended pleading must be filed by Plaintiff not later than twenty (20) days after the date this Memorandum and Order has been electronically filed.  If no amended complaint is filed within that twenty(20)-day period, this case will be dismissed without leave to amend, and absent further notice.

IT IS SO ORDERED.

Dated: October 16, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).