UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VICTOR H. WYATT, | No. 2:08-cv-02902-MCE-CMK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| WALMART STORE, CHICO, CALIFORNIA, WALMART, INC., MARTHA SHARPE, and DOES 1-20 | |
| Defendants. | |

Through the present action, Plaintiff Victor H. Wyatt ("Plaintiff") alleges that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and its employee, Defendant Martha Sharpe (hereinafter collectively referred to as "Defendants" unless otherwise indicated), violated both state and federal law when Defendant Sharpe detained him for shoplifting.

///
///
///

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendants' Motion is granted.

**BACKGROUND[2]**

On November 26, 2006, Plaintiff allegedly entered Wal-Mart with two empty ink cartridges intending to ensure he purchased the correct new cartridges. Plaintiff did not "check" the cartridges with Wal-Mart because they were used items. After locating another item he intended to purchase, Plaintiff proceeded to the electronics department to obtain new ink cartridges. Since Plaintiff could not read the cartridges without his glasses, he claims he paid for the other item and exited the store.

Plaintiff alleges that he was then stopped by a woman who identified herself as a store employee, but who failed to show identification. Plain-clothed officers asked Plaintiff to return the cartridges, and Plaintiff complied. Plaintiff was then taken into the back of the store where a Wal-Mart employee allegedly became physically abusive and attempted to restrain him. According to Plaintiff, he then broke away and "waited across the street until everyone calmed down."

---

[1] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] The alleged facts are taken from Plaintiff's Second Amended Complaint.

2

1    Plaintiff claims that, at that time, he returned to the
2 store and was handcuffed to a chair by Defendant Sharpe.
3 Defendant Sharpe proceeded to take photographs of some torn ink
4 cartridge boxes.  Plaintiff then asserted that the cartridges he
5 had on his person were empty and that he had brought them into
6 the store with him.  According to Plaintiff, no one examined the
7 cartridges to confirm the truth of his statements, and the
8 cartridges subsequently disappeared.
9    Plaintiff also claims that he asked for someone to
10 fingerprint the "new" cartridges to show that his prints were not
11 on them.  He further contends that he asked for someone to obtain
12 and look at the surveillance video to show that he had not taken
13 anything.  According to Plaintiff, when he asked for the
14 fingerprints and video surveillance Defendant Sharpe replied,
15 "You're a black and in Butte County.  All it takes to prove
16 you've done it is my belief and statements.  Besides I am going
17 to be working as a sheriff for Butte County Jail where you are
18 going to be going for your lawsuits."
19    On or about February 5, 2007, as a result of the shoplifting
20 charges levied against him, a jury convicted Plaintiff of felony
21 theft.  See Request for Judicial Notice in Support of Defendants'
22 Motion to Dismiss Plaintiff's First Amended Complaint ("RJN"),
23 Exhibit A.  After the California Third District Court of Appeal
24 affirmed Plaintiff's conviction, the California Supreme Court
25 denied Plaintiff's Petition for Review on June 11, 2008.  Id.,
26 see also Defs.' Request for Judicial Notice filed March 2, 2009,
27 Exhibit A.
28 ///

Plaintiff claims that his prior history with both Wal-Mart, the Chico Police Department, and the County of Butte provided motivation for the allegedly unconstitutional treatment that led to the above arrest. More specifically, prior to his arrest and conviction, Plaintiff was a lead plaintiff in a civil rights case against Butte County Jail through which he alleged he was deprived of various rights and mistreated by incarcerating authorities. In October of 2006, Plaintiff reported police abuse by the Chico Police Department following an allegedly false report made by a Wal-Mart employee about Plaintiff. Subsequently, in November of 2006, Plaintiff filed a civil rights action against the City of Chico for abuse by law enforcement personnel. Later, on November 23, 2006, Plaintiff was allegedly stopped and beaten by Chico Police officers in retaliation for the demotion of a Chico Police Officer, which had allegedly resulted from Plaintiff's complaints and civil rights cases against the Chico Police Department.

In instituting the action now pending before this Court, Plaintiff pursues civil remedies for violations of both state and federal law that he claims Wal-Mart perpetuated based on his race and in retaliation for his prior claims. Defendants moved to dismiss Plaintiff's original Complaint, filed November 26, 2008, on grounds that they did not qualify as state actors for purposes of imposing liability under 42 U.S.C § 1983. By Memorandum and Order filed July 8, 2009, the Court granted Defendants' Motion, finding that the Complaint stated insufficient facts upon which the requisite state action could be inferred.

///

4

Because the Court found that Plaintiff's federal claim under § 1983 lacked viability, it declined to exercise supplemental jurisdiction over the remaining state law claims advocated by Plaintiff.

Plaintiff's First Amended Complaint, filed July 26, 2009, incorporates additional allegations in support of Plaintiff's contention that Defendants acted as state actors in his arrest and detention.  In moving to dismiss the First Amended Complaint, however, Defendants refrained from challenging Plaintiff's § 1983 claim on that basis.  Defendants instead alleged that Plaintiff's claim is barred under the principles set forth by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). We consider that argument below.  By Memorandum and Order filed October 16, 2009, the Court found that Plaintiff's § 1983 claims were precluded by Heck.  In the absence of a cognizable federal claim, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed those claims as well.  The Court did permit Plaintiff to file a Second Amended Complaint, however, while admonishing Plaintiff to avoid the inclusion of Heck-barred claims if he chose to further amend.

On November 8, 2009, Plaintiff filed his Second Amended Complaint.  In addition to refashioning his First and Second Causes of Action, for violations of 42 U.S.C. § 1983 against both Wal-Mart and Sharpe respectively, Plaintiff also includes a new Third Cause of Action for violation of 42 U.S.C. § 1981.  As set forth below, while attempting to add further detail, Plaintiff's Second Amended Complaint fares no better than its predecessor in avoiding the bar imposed by Heck.

5

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").
///
///
///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A. Plaintiff's 42 U.S.C. § 1983 Claims.**

Plaintiff's First and Second Causes of Action[3] alleges various constitutional violations arising under 42 U.S.C. § 1983. Pursuant to § 1983, Plaintiff must demonstrate that Defendants (1) deprived him of a right secured by the Constitution or laws of the United States, and (2) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As indicated above, Defendants' status as state actors, at least for purposes of this Motion to Dismiss, is no longer at issue.

///
///

---

[3] The First Cause of Action is pled against Defendant WalMart, the Second against Wal-Mart's employee, Defendant Sharpe.

With respect to the requisite constitutional violation, Plaintiff alleges violations of his right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution, along with violations his right to be free from unreasonable searches and seizures under the Fourth Amendment. Plaintiff also attempts to state a § 1983 claims premised on violation of his First Amendment rights by claiming that he was targeted by the City of Chico Police Department given his ongoing lawsuit against the City. In addition, he identifies Sixth and Seventh Amendment violations predicated on Defendant Sharpe's disposal of potentially exculpatory evidence and Plaintiff's correspondingly loss of a fair trial. Finally, by alleging unspecified excessive force by Defendants in the course of being arrested and handcuffed for shoplifting, Plaintiff also attempts to implicate the Eighth Amendment in his continuing attempt to state a viable § 1983 claim. Defendants, for their part, continue to argue that Plaintiff is precluded by Heck from asserting any constitutional violation under the circumstances of this case.

In their Heck decision, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487.

///

///

///

8

Thus, in order to pursue a claim under 42 U.S.C. § 1983 that would undermine a prior conviction, Plaintiff must prove that the underlying conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal..., or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-477.

Here, Plaintiff was convicted of felony theft as a result of the shoplifting incident that underlies this litigation. Plaintiff has presented no evidence that his conviction has been either reversed or invalidated. In fact, Plaintiff appealed his conviction and his conviction was affirmed on appeal.

Plaintiff initially premises his § 1983 claims on violations of equal protection under the Fourteenth Amendment (apparently on the basis of his right to be free of racial discrimination) as well as his violations of his right to be free from unreasonable searches and seizures under the Fourth Amendment. SAC, ¶ 7. His claims in that regard specifically relate to Wal-Mart's alleged "corporate policy of putting African Americans under surveillance and stopping them disproportionately to the general public." Id. at ¶ 19. Plaintiff cites no authority, however, to support his apparent argument that an individual found guilty of an offense can evade the consequences of his criminal activity by claiming he should not have been "caught."

///
///
///
///
///

9

Defendants correctly maintain that Plaintiff's § 1983 claims premised on the Fourteenth, Fourth, Sixth and Seventh Amendments are barred under <u>Heck</u> because a verdict in Plaintiff's favor in this action would necessarily imply the invalidity of his criminal conviction- a conviction that was upheld on appeal and has not otherwise been rendered invalid. Whether rooted in claims of unreasonable search and seizure, claims related to a fair trial and the availability of exculpatory evidence, claims of equal protection or claims that Plaintiff's free speech rights were violated because he was targeted for having filed a prior lawsuit, all Plaintiff's contentions in this regard, if successful, would undermine the viability of Plaintiff's conviction on the shoplifting charge. This runs afoul of <u>Heck</u> and cannot be permitted.

Plaintiff's final contention, that his § 1983 claim may properly be premised on alleged excessive force in violation of the Eighth Amendment, is at least conceptually more problematic. Eighth Amendment claims do not necessarily contravene <u>Heck</u> because the question of the proper degree of force employed by law enforcement personnel is analytically distinct from the initial question of whether Plaintiff violated the law. See <u>Huey v. Stine</u>, 230 F.3d 226, 230 (6th Cir. 2000). Here, however, Plaintiff has been afforded three different opportunities to state a viable § 1983 claim. All three variants of Plaintiff's complaints contain only vague allegations that Defendant Sharpe was "physically abusive" in attempting to restrain him following the underlying shoplifting incident. (Complaint, FAC, and SAC at ¶ 13).

In addition, while the Court warned Plaintiff in its October 19, 2009 Memorandum and Order that any purported excessive force in the course of his arrest was not adequately pled, the Second Complaint contains only the barest conclusory allegations that Plaintiff was "battered, assaulted and insulted" (SAC, ¶ 22) and that he was subject to utterly unspecified "physical abuse" (Id. at ¶ 33). These allegations remain insufficient to state a viable § 1983 claim, and Plaintiff's repeated failure to state a valid claim causes the Court to conclude that no further leave to amend should be permitted.

**B.   Plaintiff's Claim under 42 U.S.C. § 1981.**

Section 1981 provides, in pertinent part, that all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 is not, however, "a general proscription of racial discrimination... it expressly prohibits discrimination only in the making and enforcement of contracts." Peterson v. State of California Dept. Of Corrections and Rehabilitation, 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006), quoting Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).

In attempting to state a claim under § 1981 in his Third Cause of Action, Plaintiff contends he was "denied the right to freely contract, to shop, and make purchases at a commercial establishment [namely, Wal-Mart] because of his race."

SAC, ¶ 37. As with Plaintiff's equal protection argument, he claims that he was improperly surveilled because of his race. That argument only carries weight, however, if Plaintiff was apprehended for shoplifting but did not commit any offense. Here, on the contrary, Plaintiff was arrested, he was convicted, and his conviction was affirmed on appeal. That fact brings Plaintiff's § 1981 claim within the ambit of Heck. Case law makes it clear that Heck applies not only to § 1983, but also to claims arising under other civil rights statutes, such as § 1981. See Carrea v. California, 2008 WL 3931182, *4 (C.D. Cal. 2008); Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) ("Heck therefore applies not only to plaintiff's § 1981 claim but also to his §§ 1981, 1985(3) and 1986 claims"), Lacy v. County of Maricopa, 2008 WL 312095, *5 (D. Ariz. 2008) (explaining that Heck analysis is "equally applicable" to a § 1981 claim). Plaintiff's § 1981 claim accordingly fails.

**C. Plaintiff's State Law Claims.**

It is clear that, in the instant case, the Court lacks jurisdiction over Plaintiff's state law claims under either 28 U.S.C. §§ 1331 or 1332.[4]

///
///
///
///

---

[4] It appears from Plaintiff's Complaint that Defendant Sharpe is a California resident, and therefore diversity jurisdiction is absent. 28 U.S.C. § 1332.

12

Moreover, while "...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...," if the district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(a), (c). Given that the Court has dismissed all claims over which it has original jurisdiction, and being presented with no compelling reason to hold otherwise, the Court declines to exercise its supplemental jurisdiction over the state causes of action in this case. Accordingly, Defendants' Motion to Dismiss Plaintiff's state law claims is also granted.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Dismiss (Docket No. 9) is GRANTED.[5] Given both Plaintiff's repeated attempts to amend his complaint and the force of Defendants' arguments in favor of dismissal, no further leave to amend will be permitted. The Clerk is directed to close the file.

///
///
///
///

---

[5] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

13

The Court's dismissal of Plaintiff's supplemental state law claims, however, is without prejudice to Plaintiff's right to litigate those claims in state court should he wish to do so.

IT IS SO ORDERED.

Dated: February 18, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE